Robert J. deBrauwere
Nicholas Saady
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| HALCYON TELEVISION, LLC, | Civil Case No. |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| JAMES L. MCMURTRY and NORMA FAYE KESEY MCMURTRY, | |
| Defendants. | |

Plaintiff Halcyon Television, LLC ("Halcyon" or "Plaintiff"), by its attorneys Pryor Cashman LLP, alleges as follows against Defendants James L. McMurtry ("James") and Norma Faye Kesey McMurtry ("Norma") (together, "Defendants"):

## NATURE OF ACTION

1.     This is a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57.

2.     This action seeks a declaration ordering that the notice of termination of a copyright grant pursuant to 17 U.S.C. § 203 regarding the work entitled "Lonesome Dove" ("Work"), dated February 4, 2022 and directed by Defendants to Halcyon and Chicken Soup for the Soul Entertainment, Inc. ("Termination Notice"), is invalid and of no legal force or effect.

3.     A true and correct copy of the Termination Notice is annexed hereto as **Exhibit A**.

**PARTIES**

4.      Halcyon is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 2834 Colorado Avenue, Santa Monica, California 90404.

5.      Upon information and belief, James is an individual who resides in both the State of Texas and the State of New York.

6.      Upon information and belief, Norma is an individual who resides in the State of Oregon.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over the claim in this Complaint pursuant to 28 U.S.C. §§ 2201 and 2202 — as there is a real, substantial and justiciable issue in controversy between the parties to this action with respect to the validity of the Termination Notice.  A judicial determination and declaration of the rights and obligations of the parties with respect to the Termination Notice and the Work are necessary and appropriate at this time because Plaintiff has no adequate remedy at law which will resolve the current controversy.

8.      This Court also has subject matter jurisdiction over the claim in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338 as this case is a civil action arising under the Copyright Act of 1976 — including, but not limited to, because:  (i) it relates to the validity of a notice issued under Section 203 of the Copyright Act; (ii) requires construction of the Copyright Act; and (iii) distinctive federal policies control its disposition.

9.      This Court has personal jurisdiction over Defendants pursuant to C.P.L.R. §§ 301 and 302(a)(1) because: (i) upon information and belief, both have transacted and transact business in the State of New York — including through the receipt of royalties associated with the Work,

which is promoted, marketed, sold and distributed in and out of the State of New York by Simon & Schuster; and (ii) the 1993 Agreement, which forms the central document in this action, states in Section 22 that the 1993 Agreement is "deemed made in New York State."

10.     This Court also has personal jurisdiction over James pursuant to C.P.L.R. §§ 301 and 302(a)(4) because, upon information and belief, he owns, uses or possesses real property situated in New York within the State of New York.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, upon information and belief, a substantial part of the events giving rise to this claim occurred, and are occurring, in the State of New York — including because:  (i) upon information and belief, a substantial part of the negotiation of the 1993 Agreement (as defined below), which forms the central document in this action, occurred in this District; (ii) Section 22 of the 1993 Agreement states that it is "deemed made in New York State" and construed in accordance with laws applicable to contracts "entirely made and performed" in the State of New York; and (iii) upon information and belief, rights in the Work were, and continue to be, exploited in the State of New York, including in this District.

**FACTS**

12.     The Work is a Pulitzer Prize winning novel that follows two Texas Rangers embarking on one last adventure of their lives through the American West, authored by Larry J. McMurtry ("Author").  According to the Termination Notice, James is the sole child of the Author and Norma is the surviving widow of the Author.  *See* Ex. A.

13.     On March 18, 1985, the Author entered into an agreement with Motown Productions ("Motown"), the predecessor in interest to Halcyon, which granted rights in the Work to Motown (as predecessor in interest to Halcyon) ("1985 Agreement").

3

14.     The grant of rights in the 1985 Agreement was extremely broad — granting all film and television rights, and associated rights such as advertising and publicity rights, to Halcyon.

15.     Specifically, Section 1(a) of the 1985 Agreement granted "all of the motion picture, television, remake and sequel, merchandising, commercial tie-up and other allied rights of every kind and nature exclusively and throughout the world in perpetuity" in the Work.

16.     The Author reserved various rights — including book publication, live stage, radio and live television rights — under Section 3 of the 1985 Agreement, subject to minor exceptions.

17.     In 1989, the Work was adapted into a four-part Western adventure television miniseries.

18.     On August 20, 1993, the Author, and Saria Company Inc. furnishing the services of the Author and Ms. Diana Lynn Ossana as a "writing team and as a team of executive producers," entered into an agreement with RHI Entertainment, Inc. ("RHI"), successor in interest to Motown and predecessor in interest to Halcyon ("1993 Agreement").

19.     The 1993 Agreement primarily related to the acquisition of film and television rights to the literary work entitled "Streets of Laredo," also written by the Author.

20.     "Streets of Laredo" was written as the sequel novel to "Lonesome Dove" and is one of four books written by the Author that chronicle certain characters and events of the Texas Rangers spanning from the 1840's through the 1890's.

21.     Critical to this action, the 1993 Agreement clearly and expressly dealt with the Work — even specifically referring to the 1985 Agreement and the rights granted therein regarding the Work.

22.     The 1993 Agreement, *inter alia*:  (i) revoked, terminated, and replaced the broad grant of rights in the Work under the 1985 Agreement; and (ii) extracted other, more beneficial

4

terms for the Author regarding the Work, when compared to the 1985 Agreement — including severely restricting Halcyon's rights in the Work, by reserving additional rights in the Work for Author and by providing more beneficial economic terms for the Author.

23.     In doing so, the 1993 Agreement extinguished the termination rights of the Author and his heirs.

24.     Congress' intent in enacting 17 U.S.C. § 203 was to safeguard authors and their heirs from unfavorable grants of their copyright interests in their works and balance the unequal bargaining power between authors and grantees — by enabling authors and their heirs to terminate and replace initial grants with more favorable grants at a later date, when there was greater understanding of the commercial success and value of their works.

25.     Keeping with Congress' intent, that is exactly what the Author did with the 1993 Agreement.

26.     In terminating, rescinding and replacing the 1985 Agreement and receiving better overall terms under the 1993 Agreement, the Author extinguished any termination rights he and his heirs may have had under the 1985 Agreement.

27.     On February 10, 2022, Defendants sent the Termination Notice to Halcyon and Chicken Soup for the Soul Entertainment, Inc.

28.     The Termination Notice purported to terminate the "grant of rights for the" Work, "including, but not limited to, all grants and transfers of copyright, all rights of the copyright proprietor and all publication rights under copyright made pursuant to the" 1985 Agreement.  *See* Ex. A.

29.     The Termination Notice states the effective date of termination of the grant to Halcyon as February 15, 2024.

30.     The Termination Notice does not even mention the 1993 Agreement.

31.     The Defendants in this case, as the heirs of the Author, have no present right under 17 U.S.C. § 203 to provide a notice of termination regarding the Work.

32.     The Termination Notice is invalid and of no legal force or effect.

## FIRST CLAIM
## DECLARATORY JUDGMENT
### 28 U.S.C. §§ 2201 and 2202

33.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as is fully set forth herein.

34.     The 1993 Agreement revoked, terminated, and replaced the grant of rights in the Work under the 1985 Agreement, and extracted more beneficial terms for the Author regarding the Work when compared to the 1985 Agreement.

35.     The 1993 Agreement extinguished any termination rights the Defendants may have had under the 1985 Agreement.

36.     Defendants assert that the Termination Notice is valid.

37.     Plaintiff asserts that Termination Notice is invalid and of no legal force or effect.

38.     A definite and concrete dispute has arisen between Plaintiff and Defendants regarding the validity and legality of the Termination Notice, and their rights regarding the Work.

39.     As a result of this dispute, there is an actual, substantial and justiciable controversy between Plaintiff and Defendants.

40.     The validity and legality of the Termination Notice, and the rights of Plaintiff and Defendants regarding the work, cannot be settled without a declaratory judgment from this Court.

41.     A declaratory judgment will directly and immediately resolve the controversy between Plaintiff and Defendants.

42.     Plaintiff is entitled to a declaratory judgment decreeing that the Termination Notice is invalid and of no legal force or effect.

43.     Plaintiff is entitled to an award of its costs, expenses and reasonable attorneys' fees associated with this action, as well as such other or further relief as this Court may deem just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

1.      A declaration that the Termination Notice is invalid and of no legal force or effect;

2.      Awarding Plaintiff its costs, expenses and reasonable attorneys' fees to the extent allowed by law; and

3.      Awarding Plaintiff such other or further relief as the Court may deem just and proper.

Dated:   New York, New York
            June 3, 2022

Respectfully submitted,

**PRYOR CASHMAN LLP**

Robert J. deBrauwere
Nicholas Saady
7 Times Square
New York, New York 10036
(212) 421-4100
nsaady@pryorcashman.com

*Attorneys for Plaintiff*

8