Robert W. Clarida
Julie B. Wlodinguer
Reitler Kailas & Rosenblatt LLP
885 Third Avenue, 20th Floor
New York, New York 10022
Tel: (212) 209-3050
Fax: (212) 371-5500
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HALCYON TELEVISION, LLC,

        Plaintiff,

   v.

JAMES L. MCMURTRY and NORMA FAYE KESEY
MCMURTRY,

        Defendants.
-------------------------------------------------------------------x

Case No. 1:22-cv-04608-AKH

**ANSWER**

Defendants James L. McMurtry ("James") and Norma Faye Kesey McMurtry ("Faye" and collectively with James, "Defendants"), by and through their attorneys, Reitler Kailas & Rosenblatt LLP, respectfully submit this Answer to Plaintiff Halcyon Television, LLC's ("Plaintiff") Complaint dated June 3, 2022 (the "Complaint"), and respond as follows:

**AS TO NATURE OF ACTION**

1. Defendants deny that Plaintiff is entitled to any relief in this action, but admit that paragraph 1 of the Complaint purports to assert that this is a declaratory judgment action brought pursuant to 28 U.S.C. §§2201 and 2202 and Federal Rule of Civil Procedure 57.

2. Defendants deny that Plaintiff is entitled to any relief in this action, but admit that Defendants served a notice of termination of a copyright grant pursuant to 17 U.S.C. §203 with

respect to the work entitled "Lonesome Dove" (the "Work") dated February 4, 2022 to Plaintiff and to Chicken Soup for the Soul Entertainment, Inc. (the "Termination Notice") and admit that paragraph 2 of the Complaint purports to assert that Plaintiff seeks a declaration ordering that the Termination Notice is invalid and of no legal force or effect.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

## AS TO PARTIES

4. Defendants deny knowledge or information sufficient to determine the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that James is an individual who resides in the State of Texas.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

## AS TO JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny.

8. Paragraph 8 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny.

9. Paragraph 9 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny except admit that the referenced 1993 Agreement states that such agreement is "deemed made in New York State", and respectfully refer the Court to that agreement for its content and meaning.

10. Paragraph 10 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny.

11. Paragraph 11 of the Complaint states a legal conclusion as to which no response is required. To the extent a response is required, Defendants deny, except admit that the referenced 1993 Agreement states that such agreement is "deemed made in New York State" and construed in accordance with laws applicable to contracts "entirely made and performed" in the State of New York, and respectfully refer the Court to that agreement for its content and meaning.

## AS TO FACTS

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to determine the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except admit that Larry J. McMurtry, the author of the Work ("McMurtry"), entered into a written agreement with Motown Productions ("Motown") dated March 18, 1985, pursuant to which McMurtry granted certain rights in the Work to Motown (the "1985 Agreement"). A true and correct copy of the 1985 Agreement is annexed hereto as Exhibit A.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, and respectfully refer the Court to the 1985 Agreement for its content and meaning.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, and respectfully refer the Court to the 1985 Agreement for its content and meaning.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, and respectfully refer the Court to the 1985 Agreement for its content and meaning.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to determine the truth or falsity of the allegations contained in paragraph 18 of the Complaint, except admit that McMurtry and Saria Company Inc. furnishing the services of McMurtry and Diana Ossana, entered into a

written agreement with RHI Entertainment, Inc. ("RHI") dated as of August 20, 1993 (the "1993 Agreement"). A true and correct copy of the 1993 Agreement is annexed hereto as Exhibit B.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that the 1993 Agreement related to the literary work entitled "Streets of Laredo", which was also written by McMurtry.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that the 1993 Agreement made reference to the 1985 Agreement, and respectfully refer the Court to the 1993 Agreement for its content and meaning.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, and further state that the allegations contained in paragraph 22 of the Complaint are contradicted by the terms of the 1993 Agreement itself, as well as Plaintiff's own pre-suit communications and admissions to Defendants. For example, by email dated October 20, 2021, Shelley Reid – Plaintiff's Head of Business Affairs and Legal – sent counsel for Defendants a proposal to extend the grant of rights in the Work to Plaintiff (the "October 2021 Proposal"). A true and correct copy of the October 20, 2021 email and the attached October 2021 Proposal are annexed hereto as collective Exhibit C. Although Ms. Reid stated in her email that the 2021 Proposal "sets forth the background between the parties, tracks the ownership of rights, the steps necessary to proceed and the mechanics whereby the parties would enter into a new agreement," the October 2021 Proposal does not make any reference whatsoever to the 1993 Agreement. Moreover, and contrary to the arguments espoused by Plaintiff in its Complaint, Plaintiff's October 2021 Proposal referred to the 1985 Agreement as the "Original Grant," contemplated Plaintiff's acceptance of a Notice of Termination of the Original Grant, and requested that Defendants warrant and represent to Plaintiff

"that except to the extent modified by the New Agreement [to be entered into between the parties], the 1985 Agreement is in full force and effect."

Two months later, on or about December 27, 2021, Plaintiff's counsel, Pryor Cashman LLP, at Ms. Reid's direction, emailed counsel for Defendants a draft "Acquisition Agreement" (the "December 2021 Draft Agreement"). A true and correct copy of the December 27, 2021 email and the attached December 2021 Draft Agreement are annexed hereto as collective Exhibit D. In contradiction of the claims asserted by Plaintiff in this action, Plaintiff's December 2021 Draft Agreement referred to the 1993 Agreement as amending – not superseding – provisions of the 1985 Agreement. Further, Plaintiff's December 2021 Draft Agreement also described a June 22, 1995 agreement as also amending the 1985 Agreement, which refutes Plaintiff's contrived position that the 1993 Agreement "revoked, terminated, and replaced…the 1985 Agreement." By stating that the 1995 agreement amended the 1985 Agreement, Plaintiff in effect acknowledged that the 1985 Agreement remained in full force and effect following the 1993 Agreement.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to determine the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint, except deny knowledge or information sufficient to determine the truth or falsity of the allegations pertaining to Congress' intent.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

**AS TO THE FIRST CLAIM**
**(Declaratory Judgment Pursuant to 28 U.S.C. §§2201 and 2202)**

33. Defendants repeat and incorporate by reference all responses to all preceding paragraphs as if set forth fully herein.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny.

40. Paragraph 40 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to determine the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

## AS TO PRAYER FOR RELIEF

Defendants deny each and every allegation in the "WHEREFORE" clause of the Complaint and deny that Plaintiff is entitled to any relief.

## DEFENSES

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are contradicted by documentary evidence.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of Plaintiff's unclean hands.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of waiver.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the doctrine of estoppel.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request judgment as follows:

a) Dismissing the Complaint with prejudice in its entirety;
b) Such other and further relief as this Court deems just and proper, including awarding Defendants their costs and reasonable attorneys' fees incurred in defending this action.

Dated: August 5, 2022

                                                                Respectfully submitted,

**REITLER KAILAS & ROSENBLATT LLP**

By /s/ Robert W. Clarida
Robert W. Clarida
Julie B. Wlodinguer
885 Third Avenue, 20th Floor
New York, New York 10022
Tel: (212) 209-3050
Fax: (212) 371-5500
rclarida@reitlerlaw.com
jwlodinguer@reitlerlaw.com

*Attorneys for Defendants*