# EXHIBIT C

## Greg Redlitz

| | |
|---|---|
| **From:** | Shelley Reid <Shelley.Reid@halcyonstudios.tv> |
| **Sent:** | Wednesday, October 20, 2021 10:26 AM |
| **To:** | Robert Thorne; Greg Redlitz |
| **Subject:** | LONESOME DOVE -- PROPOSAL |
| **Attachments:** | Nonbinding Proposal - McMurtry Reversionary Interest Lonesome Dove.docx |

Hi Robert and Greg:

Further to our call and your request to see something in writing in terms of extending the grant of rights in connection with "LONESOME DOVE" please see attached a non-binding proposal for the Estate of Larry McMurtry.

This document sets forth the background between the parties, tracks the ownership of rights, the steps necessary to proceed and the mechanics whereby the parties would enter into a new agreement. It does not include a specific amount in terms of consideration for the extended grant.

Please let me know your thoughts once you have had an opportunity to review.

Sending my best,

Shelley


Shelley Reid | shelley.reid@halcyonstudios.tv | 310-918-7734

1

## Non-Binding Proposal

*Lonesome Dove*

**Parties**: Halcyon Television, LLC ("**Halcyon**") and the Statutory Heirs (defined below) of Larry McMurtry ("**McMurtry**").

**Background**:

A. On March 18, 1985 McMurtry entered into an agreement (the "**1985 Agreement**") with Motown Productions ("**Motown**") granting "all of the motion picture, television, remake and sequel, merchandising, commercial tie-up and other allied rights of every kind and nature exclusively throughout the world in perpetuity" (the "**Original Grant**") in the novel *Lonesome Dove* (the "**Property**").

B. Halcyon is the successor in interest to Motown.

C. Section 203 of the United States Copyright Act of 1976, as amended (the "**Act**"), grants authors and their heirs, as set forth in Section 203(a)(2) of the Act (the "**Statutory Heirs**"), the right to terminate certain copyright grants made after January 1, 1978 resulting in a reversion of the rights granted in the United States territory (the "**Termination Right**") on a certain date (the "**Termination Date**"), in accordance with a termination notice (the "**Termination Notice**") served on the original grantee or its successor in interest. Under certain circumstances and in accordance with the Act, the original grantee or its successor in interest may negotiate for a further grant of rights in the original rights granted prior to the Termination Date (the "**Extended Rights**").

D. The parties wish to negotiate for the Extended Rights.

**Proposed Terms & Conditions**:

1. Halcyon will pay the Statutory Heirs **$X** for the Extended Rights.

2. Halcyon and the Statutory Heirs will enter into an agreement (the "**New Agreement**") for the Extended Rights which will include all rights granted pursuant to the Original Grant, notwithstanding any other agreements to the contrary. The Extended Rights shall extend in perpetuity, throughout the universe, in all media, now known or hereafter discovered. The New Agreement will reserve to the Statutory Heirs the same rights that were reserved by McMurtry in the 1985 Agreement.

3. In accordance with the foregoing, the Statutory Heirs will serve the Termination Notice on Halcyon promptly upon entering into the New Agreement as a condition precedent to the New Agreement. Halcyon will have approval over the form of Termination Notice. (If requested, Halcyon will prepare the Termination Notice).

4. The Statutory Heirs will warrant and represent that they have the right to enter into the New Agreement; that they are the only persons and/or entities that have an interest in the Termination Right; that they have not sold, transferred, assigned, pledged or otherwise encumbered any of the Extended Rights; that there are no claims, legal proceedings, or other actions threatened or pending, with respect the Termination Right, the Extended Rights or the Property; that except to the extent modified by the New Agreement, the 1985 Agreement is in full force and effect. The Statutory Heirs will provide all documents and other evidence reasonably required by Halcyon to evidence their respective rights in the Termination Right and right to enter into the New Agreement.

5. The parties will enter into a long form agreement that contains all of the above terms and conditions, and such other terms and conditions as are ordinarily contained in such agreements, including, without limitation, grant of rights, warranties and representations, indemnity, confidentiality, choice of law, and short form copyright assignments.

**Non-Disclosure**.

This proposal and all discussions concerning the subject matter hereof are confidential, including, without limitation, the fact that a proposal was made, and shall remain confidential and may not be disclosed by the Estate of Larry McMurtry or any of the Statutory Heirs, except to their legal and business representatives on a need to know basis, provided that any recipient of such confidential information is under at least as restrictive a confidentiality obligation as imposed herein.

Except for this Non-Disclosure Section, which is binding upon the parties and their successors and assigns, this proposal is non-binding and no other obligation shall arise between the parties until definitive transaction agreements are negotiated, executed and delivered by the parties hereto.

HALCYON TELEVISION, LLC						THE ESTATE OF LARRY MCMURTRY

_____					_____
Name:											Name:
Title:											Title:
Date:											Date: