IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HALCYON TELEVISION, LLC,<br><br>       Plaintiff,<br> - against -<br><br>JAMES L. MCMURTRY and NORMA FAYE KESEY MCMURTRY,<br><br>       Defendants. | Civil Case No. 1:22-cv-04608-AKH<br><br>**STIPULATION AND<br>PROTECTIVE ORDER** |

WHEREAS, the Parties have produced or intend to produce documents, testimony and other materials in this Action that are likely to contain confidential and highly sensitive information, and that are subject to protection under Federal Rule of Civil Procedure 26(c);

WHEREAS, the Parties agree that good cause exists to protect the confidential and highly sensitive nature of the information contained in such documents, testimony and other materials; and

WHEREAS, the Parties agree that the entry of this Stipulated Protective Order (the "Protective Order") is warranted to protect against harmful disclosure of such confidential and highly sensitive information.

NOW, THEREFORE, based upon the stipulation of the Parties, and this Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.   **Materials That May Be Designated.** The Parties, and third parties subpoenaed by any Party, may designate documents, testimony and other materials produced in this Action as either "Confidential" or "Attorneys' Eyes Only" if they contain information that the producing party believes in good faith is: (a) confidential and/or highly sensitive business information that is not generally known to the public and has competitive value, such that unrestricted public disclosure would create a substantial risk of injury to a Party; (b) proprietary financial, marketing,

sales, technological or otherwise commercially sensitive information that the producing party maintains as confidential in its business and would create a substantial risk of injury to the producing party; (c) sensitive personal information relating to a Party's employees; or (d) subject to binding confidentiality restrictions in connection with another case or matter. "Confidential" or "Attorneys' Eyes Only" information does not include information which: (a) is publicly available; (b) becomes publicly available after its disclosure through means other than a violation of this Protective Order; or (c) has been disclosed in writing to a party not subject to this Protective Order and with no obligation of confidentiality.

2. <u>Materials Outside This Action</u>.  Nothing in this Protective Order shall impose any restrictions on the use or disclosure of information that is lawfully obtained by the receiving party through means or sources outside of this Action, including information that: (a) was independently developed without use of or reliance upon information produced by a Party to this Action; (b) was, prior to disclosure, rightfully in the possession or knowledge of the receiving party; or (c) was produced by the Party seeking to use or disclose the information. Should a dispute arise as to any specific information, the burden shall be on the Party claiming that such information was lawfully obtained through means or sources outside of this Action.

3. <u>Method Of Designation.</u>  The Party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only." The Parties must designate any information as "Confidential" or "Attorneys' Eyes Only" before it is produced.

4. <u>Use Of Materials Subject To This Order.</u>  Use of any documents, testimony and other materials produced by the Parties in this case, including those labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, and all information or work product derived therefrom shall only be used in the prosecution, defense, or settlement of this Action and shall not be used by any party for any business, commercial, competitive, or other purpose. For avoidance of doubt, no party is restricted as to the use of its own "Confidential" or "Attorneys' Eyes Only" material or information.

5. <u>Court Filings.</u>  Notwithstanding anything herein, in accordance with the Hon. Judge Hellerstein's Individual Civil Rule 4(A), there shall be no sealing of documents or other information in connection with a submission or filing to the Court, except following a motion supported by competent evidence showing that sealing is essential to preserve higher values and is narrowly tailored to serve that interest.  All documents or other information sought to be sealed shall be filed with the motion and marked as follows:

> CONFIDENTIAL
> IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY
> IN ACCORDANCE WITH THE PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

6. Any Party filing a motion to seal documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" shall first confer with all other Parties as to their consent or opposition, and the motion shall certify that the conferral occurred and state whether each party consents or opposes the motion. Such motions must set forth the specific factual and legal basis and necessity for sealing, with particularity as to each item to be sealed, in accordance with prevailing law and the Hon. Judge Hellerstein's Individual Civil Rule 4(A). Absent exceptional circumstances, any proposed Order must include this language: "This Order may be vacated and sealing lifted for cause shown upon the motion of any party or other person with a recognized interest, or after due notice by the Court upon the Court's own motion."  If the non-designating Party makes a request in writing to have documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" unsealed and the designating Party does not file, within 10 calendar days,

a motion that shows good cause to maintain the document under seal, then the Court may unseal the document at its discretion. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

7. <u>Deposition Testimony.</u>  A Party may designate any part of deposition testimony as "Confidential" or "Attorneys' Eyes Only" by either: (i) making a statement that certain information is "Confidential" or "Attorneys' Eyes Only" on the record at the deposition; or (ii) making a written statement that certain information is "Confidential" or "Attorneys' Eyes Only" within 30 days of receipt of the deposition transcript. All deposition testimony shall be treated as "Attorneys' Eyes Only" until it is: (i) designated as "Confidential" or "Attorneys' Eyes Only"; or (ii) the foregoing 30 day period has expired. Arrangements shall be made with the reporter taking and transcribing such deposition to separately bind portions of the transcript containing information designated as "Confidential" or "Attorneys' Eyes Only" to label such portions appropriately.

8. <u>Designated Persons for Confidential Information</u>.  Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel for the Parties or authorized by the Court:

   a. Outside counsel of record for the Parties in this Action, and the administrative staff of such outside counsel of record;

   b. Any employee of any Party to this Action, provided that such employee: (i) is deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this Action; and (ii) has signed the "Agreement to Be Bound by Stipulated Protective Order" (annexed hereto Exhibit A);

   c. Any witness or prospective witness prior to or during any deposition or pre-trial hearing, provided that such witness or prospective witness: (i) is deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this Action; and (ii) has signed the "Agreement to Be Bound by Stipulated Protective Order" (annexed hereto Exhibit A);

   d. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a Party or its counsel for purposes of this Action, provided that such consultant or expert: (i) is deemed necessary by counsel to aid in the

|   |   |   |
|---|---|---|
|   |   | prosecution, defense, or settlement of this Action; and (ii) has signed the "Agreement to Be Bound by Stipulated Protective Order" (annexed hereto Exhibit A); |
|   | e. | The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the Parties during this Action; |
|   | f. | The authors and the original recipients of information, documents, or portions of documents marked "Confidential"; |
|   | g. | Any Court reporter or videographer reporting a deposition; |
|   | h. | Any alternative dispute resolution practitioner (including any mediator) engaged by the Parties in connection with this Action; and |
|   | i. | Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the Parties during this Action. |

9. <u>Designated Persons for Attorneys' Eyes Only Information</u>. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in Paragraphs 8(a) and Paragraphs 8(d) to 8(h) inclusive, unless additional persons are stipulated by counsel for the Parties or authorized by the Court.

10. <u>Disclosure During Depositions.</u>  Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed or disclosed in a deposition, only outside counsel for the Parties may attend or participate.

11. <u>Hearings and Pre-Trial Proceedings.</u>  Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed or disclosed in a hearing or pre-trial proceeding, the designating party may seek leave from the Court to exclude from the virtual or physical room any person, other than outside counsel for the Parties, for that portion of the hearing or pre-trial proceeding.

12. <u>Disputes And Dispute Procedure.</u>  Each party reserves the right to dispute any "Confidential" or "Attorneys' Eyes Only" designation claimed by any other party or subpoenaed party in accordance with this Protective Order. If any party challenges any "Confidential" or "Attorneys' Eyes Only" designation, the challenging party shall serve the designating party with

5

written notice of the documents or material subject to dispute and briefly state the grounds for the challenge as to their designation. The parties shall meet and confer in good faith within five (5) calendar days of service of that notice and use their best efforts to resolve the dispute. During the meet and confer, the designating party shall have the burden of justifying the challenged designation or designations, and must assess whether redaction is a viable alternative. If the parties are unable to resolve the dispute within three (3) calendar days of the meet and confer, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the disputed documents or material. Regardless of which party files the motion, the party seeking to protect a document or material from disclosure through designation as "Confidential" or "Attorneys' Eyes Only" bears the burden of establishing good cause for why the document or material should be so protected. Notwithstanding the above, a party who disagrees with another party's designation must abide by that designation until the matter is resolved by: (i) the designating party's withdrawal of its designation; (ii) written agreement of the Parties; or (iii) an order of the Court.

13.  <u>Failure To Mark Materials And Associated Procedure.</u>  Promptly after discovering that there was a failure to mark produced documents, testimony or other material as "Confidential" or "Attorneys' Eyes Only," the producing Party shall give written notice to the receiving party of such failure and identify the relevant documents, testimony or other material that are subject to the failure to mark as "Confidential" or "Attorneys' Eyes Only." Within three (3) business days of receiving such written notice from the producing party, the receiving party shall inform any person who should not have received such "Confidential" or "Attorneys' Eyes Only" material (according to Paragraphs 8 and 9 above) to: (i) destroy all such "Confidential" or "Attorneys' Eyes Only" material (including, without limitation, all originals and copies of any such material, and other documents containing all or part of such material); and (ii) not make any use of any information contained in such material.  After such destruction, the receiving party shall promptly provide to the producing party a written certification that the process in this Paragraph 13 has been followed and completed.

14. <u>No Waiver.</u>  The inadvertent or unintentional failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only."

15. <u>Effect of Designation</u>.  Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are, or are not, confidential, sensitive or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential," or "Attorneys' Eyes Only."

16. <u>Return of Protected Materials.</u>  The parties and any person authorized by this Protective Order to receive "Confidential," or "Attorneys' Eyes Only" shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order: (i) upon the request of the producing party or third party; (ii) within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case; or (iii) the execution of any agreement between the parties to resolve amicably and settle this case. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs, not including attorneys' fees, of responding to its request.

17. <u>No Waiver Nor Prejudice.</u>  Nothing in this Protective Order shall constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of information, or other modifications, subject to order by the Court.

18. <u>Survival.</u>  The restrictions on disclosure and use of "Confidential" and "Attorneys' Eyes Only" information shall survive the conclusion of this Action, and the Court shall retain

jurisdiction over this Action after its conclusion for the purpose of enforcing the terms of this Protective Order.

Dated: January 25, 2023
New York, NY

**SO STIPULATED BY THE PARTIES:**

| PRYOR CASHMAN LLP | REITLER KAILAS & ROSENBLATT LLP |
|---|---|
| /s/ Nicholas Saady | /s/Julie B. Wlodinguer/ |
| Robert J. deBrauwere | Robert W. Clarida |
| Nicholas Saady | Julie B. Wlodinguer |
| 7 Times Square | 885 Third Avenue, 20th Floor |
| New York, New York 10036 | New York, New York 10022 |
| Tel. (212) 421-4100 | Tel: (212) 209-3050 |
| Fax. (212) 326-0806 | Fax: (212) 371-5500 |
| nsaady@pryorcashman.com | rclarida@reitlerlaw.com |
| | jwlodinguer@reitlerlaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential and sensitive nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this Action.

**IT IS SO ORDERED:**

Dated: January 26, 2023            /s/ Alvin K. Hellerstein
                          HON. ALVIN K. HELLERSTEIN
                          UNITED STATES DISTRICT JUDGE

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full company name and/or address] have been advised by counsel of record for _____ [print or type party name] in *Halcyon Television, LLC v. James L. McMurtry and Norma Faye Kesey McMurtry*, Civil Case No. 1:22-cv-04608-AKH (S.D.N.Y.), of the Protective Order governing the delivery, publication, and disclosure of confidential and highly sensitive documents, testimony or other material produced in this Action. I have read a copy of the Protective Order and agree to abide by its terms, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after the termination of this Action.

_____
Signature

_____
Printed Name

_____
Date